UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

EGLON BASCOM,

                Plaintiff,

  -against-

NEW YORK CITY,

                Defendant.
----------------------------------------X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ SEP 13 2011 ★
BROOKLYN OFFICE

**MEMORANDUM AND ORDER**
11-CV-04217 (SLT)(LB)

**TOWNES, United States District Judge:**

Plaintiff brings this claim *pro se*, alleging that on September 15, 2008 he was falsely arrested at his home. In connection with his claim, Plaintiff seeks twelve million dollars in damages for the "violation of [his] bill of rights (an 'undocketed arrest' where 'prosecution was declined') under the United States Constitution and the indignation suffered in the process because of my race (Black American)." (Complaint at 2). For the reasons stated below, the complaint against New York City is dismissed without leave to amend. Plaintiff is directed to submit an amended complaint against the remaining defendants and an amended request to proceed *in forma pauperis* within thirty days of this Order, as set forth below.

**Standard of Review**

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action that is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Court construes Plaintiff's pleadings liberally, particularly because they allege civil rights violations. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537

1

F.3d 185, 191-93 (2d Cir. 2008).

**Background**

Plaintiff alleges that on August 8, 2008, a female neighbor stopped by his home while he was cleaning his apartment. He merely said hello and continued vacuuming. Ten minutes later, he alleges, the police came to his apartment and told him that the neighbor had accused him of touching her shoulder and of "harassing" her by means of the chemicals used for cleaning. An hour later, the neighbor's boyfriend came by and expressed his desire to fight Plaintiff. Two weeks later, on September 15, 2008, "four detectives came to the [Plaintiff's] house and took [him] down to the precinct." (Complaint at 2). In spite of the alleged fact that he was not charged with any crime, Plaintiff was allegedly arrested and transported to another facility, was not read his Miranda rights, was refused the opportunity to contact an attorney, and was told "not to look at the Judge's face as [he] was being sneaked out through a side door or [the detectives] would not release [him]." (Complaint at 1-2). Plaintiff does not state the location of his home during the relevant period, the precinct to which he was taken, the identities of any of the detectives, or the other facility to which he was allegedly transported.

**Discussion**

A. Request to Proceed *In Forma Pauperis*

Plaintiff's *in forma pauperis* ("IFP") application does not contain sufficient information for the Court to consider his request. Plaintiff is instructed to complete a new IFP request and submit it to the Court within thirty (30) days of this order.

B. Section 1983 Claim for False Arrest

The Court liberally construes the action as an action brought pursuant to 42 U.S.C. §

2

1983. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir.1993). To prevail on a section 1983 claim, a plaintiff must show: (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws (2) by a person acting under the color of any statue, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia. *See* 42 U.S.C. § 1983.

Plaintiff has failed to state a claim against New York City because a municipality cannot be held liable under the doctrine of *respondeat superior* for the actions of its employees, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); furthermore, Plaintiff is not challenging a policy or practice of New York City. *See Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 690, 694). A single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless it is shown that the incident was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985). Here, Plaintiff does not allege, and nothing in his complaint suggests, that any of the allegedly wrongful acts were attributable to a municipal policy or custom attributable to a municipal policymaker. Accordingly, there does not appear to be any basis for suing New York City, and the claim against New York City is hereby dismissed without leave to amend. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

To the extent Plaintiff seeks to bring a claim against the New York City Police Department (the "NYPD"), the Court notes that the NYPD is a non-suable agency of the City. *See Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (citing *Wray v. City of New*

*York*, 340 F. Supp. 2d 291, 303 (E.D.N.Y. 2004) (quoting N.Y.C. Charter § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law.")). Therefore, Plaintiff may not proceed on the basis of a section 1983 claim brought against the NYPD. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**Leave to Amend**

Plaintiff has nevertheless set forth a claim for false arrest against the "detectives" who were allegedly involved in his arrest on September 15, 2008. He has not, however, named or identified in any way the detectives allegedly involved in his arrest. Given that Plaintiff is proceeding *pro se* and that Fed. R. Civ. P. 8 requires the complaint to give notice of the claims to those against whom they are made, Plaintiff is afforded thirty days to submit an amended complaint to identify the detectives and to plead his claims against them with the requisite detail, as provided below. If Plaintiff cannot identify a defendant by name, he should identify each such individual as "John or Jane Doe #1" et cetera and provide a physical description of the individual and any other identifying information, such as the precinct or facility with which she or he works. Plaintiff must state facts that support his allegation of false arrest against each defendant. While pleading these facts, Plaintiff should specify each individual defendant's alleged actions and/or omissions. Plaintiff is reminded that it is important to link each defendant named in the caption to the relevant events described in the body of the amended complaint. If Plaintiff fails to amend the complaint, the instant action will be dismissed without prejudice and judgment will be entered.

**Conclusion**

4

Accordingly, Plaintiff's complaint against New York City is dismissed without leave to amend. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). No summons shall be issued as to this defendant.

Plaintiff is directed to submit an amended request to proceed *in forma pauperis* containing the information requested on the relevant form. Plaintiff is afforded thirty (30) days from the date of this Order to file an amended complaint setting forth his claim of false arrest against each individual defendant named in the amended complaint.

Should Plaintiff decide to file an amended complaint, the amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Order. Plaintiff is advised that the amended complaint will completely replace the original complaint. All further proceedings will be stayed for thirty days or until Plaintiff has complied with this Order, whichever occurs earlier. If Plaintiff fails to comply with this Order within the allotted time, the complaint shall be dismissed. If submitted, the amended complaint will be reviewed for compliance with this Order and for sufficiency under 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this Order would not be taken in good faith; therefore, Plaintiff's *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/ Sandra L. Townes
United States District Judge

Dated: Brooklyn, New York
September 12, 2011